# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **MERIAL LIMITED,** | ) | |
| **Plaintiff** | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| **v.** | ) | **Case No. 2:10cv00033** |
| | ) | |
| **TIMOTHY L. RASNIC, DVM,** | ) | |
| **Defendant** | ) | |

This case comes before the court on defendant's Motion To Dismiss, (Docket Item No. 7) ("Motion"), to which the plaintiff responded on September 14, 2010. (Docket Item No. 11). The Motion is before the undersigned magistrate judge by transfer pursuant to 28 U.S.C. § 636(c) by consent of the parties. For the reasons contained herein, the Motion is denied.

## *I. Facts*

The plaintiff, Merial Limited, ("Merial"), filed this "action for the price," pursuant to VA. CODE ANN. § 8.2-709 (2001 Repl. Vol.), against Timothy L. Rasnic, DVM.[1] The Complaint does not reference a federal claim. Therefore, Merial bases jurisdiction on diversity grounds pursuant to 28 U.S.C. § 1332(a). The Complaint alleges that Merial is a Delaware corporation with its principal place of business in Georgia and that Rasnic is a Virginia resident conducting business in Virginia.

---

[1]The Complaint does not specify that this is the theory being pursued, but it appears that this is the most appropriate theory available under Virginia law.

Specifically, Merial alleges in its Complaint that Rasnic owes it $74,139.24 for products purchased from it for use in Rasnic's veterinary medicine practice. Merial further alleges that, pursuant to "terms and conditions" which were included on the invoices for these products, and which were accepted by Rasnic, thereby becoming part of their contract under VA. CODE ANN. § 8.2-207,[2] Rasnic owes interest of 12% per year on the principal debt, from August 20, 2008, in addition to attorneys' fees.

## II. Analysis

Rasnic has moved to dismiss the plaintiff's claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1). "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff.... In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citations omitted); *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *McNutt v. Gen. Motors Acceptance Corp. of In.*, 298 U.S. 178, 182 (1936). In particular, once the propriety

_____

[2]VA. CODE ANN. § 8.2-207 (2001 Repl. Vol.) states, in relevant part, as follows:

". . . A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered and agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms. . . . Between merchants such terms become part of the contract unless: (a) the offer expressly limits acceptance to the terms of the offer; (b) they materially alter it; or (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received. . . ."

of the amount in controversy is challenged, the party seeking to invoke the subject matter jurisdiction of the federal courts has the burden of proving its existence under *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938),[3] by showing that it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed jurisdictional amount. *See Gibbs*, 307 U.S. at 72; *McNutt*, 298 U.S. at 182.

Title 28 U.S.C. § 1332(a)(1) (West 2006), states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ." The Complaint makes clear that this action is between citizens of different states and, therefore, diversity of citizenship exists. Therefore, the critical issue before this court is whether Merial has met its burden of showing the requisite amount in controversy for purposes of this Motion.

Determination of the value of the matter in controversy is a federal question to be decided under federal standards, although the federal court must look to state law to determine the nature and extent of the right to be enforced in a diversity case. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352-53 (1961) (citing *Shamrock Oil &*

---

[3]In *St. Paul Mercury*, the Supreme Court announced the legal certainty test, described as follows:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.

303 U.S. at 288. "It must appear to a legal certainty that [a plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal" for want of subject matter jurisdiction. *St. Paul Mercury*, 303 U.S. at 289.

*Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941)).  As stated above, the burden is on the plaintiff to satisfy the court that the requisite amount is in controversy.  *See Gibbs*, 307 U.S. at 72; *McNutt*, 298 U.S. at 182. In ruling on a motion to dismiss based solely on the ground of lack of jurisdictional amount, the plaintiff's allegations, in general, must be taken as true.  *See Hlavaty v. Muffitt*, 190 F. Supp. 541, 542 (W.D. Va. 1960) (citing *Gibbs,* 307 U.S. 66). Also as stated previously, the plaintiff's allegations regarding the amount in controversy will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount.  *See St. Paul Mercury*, 303 U.S. at 288-89.  "Unless the claim for an amount over the jurisdictional prerequisite is made in bad faith, or unless it is plain from the complaint that an amount less than the jurisdictional amount is all that is at issue, the district court has jurisdiction over the case." *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995). The Supreme Court also has held that it does not matter that, on the face of the complaint, there may appear a defense to part of the claim, since possibly the defendant will not assert that defense or, if it does, whether the court will sustain it. *See Schunk v. Moline, Milburn & Stoddard Co.*, 147 U.S. 500, 504-05 (1893).

Here, Merial alleges in its Complaint that Rasnic owes it a principal debt of $74,139.24, an amount which clearly does not satisfy the jurisdictional amount. However, Merial further alleges that Rasnic owes it 12 percent interest annually on the principal debt from August 20, 2008, as well as attorneys' fees in the amount of $2,500.00.[4] The crucial issue, therefore, is whether this court may consider the interest

---

[4]I note that Merial alleges, that at the time of the filing of the Complaint, it had incurred more than $2,500.00 in attorneys' fees, and it expected to incur substantially more.  The court must consider, if at all, only those attorneys' fees incurred at the time of the filing of the Complaint. *See Sarnoff v. Am. Home Prods. Corp.*, 798 F.2d 1075, 1078 (7th Cir. 1986). Furthermore, despite Merial's contention that it had incurred "in excess of . . . $2,500.00" in

allegedly owed on the debt and/or attorneys' fees in calculating the jurisdictional amount under 28 U.S.C. § 1332.

Although the statute itself states that the amount in controversy must exceed the sum or value of $75,000.00, *exclusive of interest and costs*, it is clear that this does not end the court's inquiry.  There has been much debate over whether and when interest and/or attorneys' fees may be included in calculating the jurisdictional amount. At the outset, the court notes that Merial filed its Complaint on May 20, 2010, and thus, according to it, Rasnic now owes it interest for 21 months at the rate of 12 percent per year which comes to a total of  21 percent or $15,569.24 in interest.  That being said, if this court finds that such interest may be used to calculate the jurisdictional amount, the plaintiff will have met its burden, as its total claim would then be for $89,708.48. Likewise, Merial seeks attorneys' fees, as of the date of the filing of the Complaint, in an amount of $2,500.00. Therefore, if attorneys' fees are allowed in the amount of $2,500.00, the jurisdictional amount also will be met, as the total claim, not including interest, then would be for $76,639.24.

For the reasons that follow, I find that Merial has satisfied its burden of proving the requisite jurisdictional amount for purposes of this Motion, thereby conferring subject matter jurisdiction upon this court.

1.    *Interest*

The general rule is that interest and costs are not included in determining the

---

attorneys' fees as of the time the Complaint was filed, $2,500.00 is the only figure upon which the court may rely for purposes of deciding this Motion.

amount in controversy. *See Heavner v. State Auto. Ins. Co. of Columbus, Oh.*, 340 F. Supp. 391, 393 (W.D. Va. 1972). The apparent purpose of excluding interest in computing the jurisdictional amount is to prevent plaintiff from delaying suit until the claim, with accruing interest, exceeds the statutory minimum. *See Heavner*, 340 F. Supp. at 393; *see also* 14AA CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3712 (2009). As with most other general rules, however, there is an exception to the rule excluding interest. The United States Supreme Court in *Brown v. Webster*, 156 U.S. 328, 329 (1895), drew a distinction between interest "as such" and the use of an interest calculation as an instrumentality in arriving at the amount of damages to be awarded on the principal demanded. Interest "as such," apparently synonymous with interest which is incidental or accessory to the matter in controversy, and arising solely by virtue of a delay in payment, is incidental and, accordingly, is excluded from consideration. *See Brown*, 156 U.S. at 330; *Md. Nat'l Bank v. Nolan*, 666 F. Supp. 797, 798 (D. Md. 1987). Illustrative of an instance of interest as an instrumentality, the court in *Snider v. State Farm Mut. Auto. Ins. Co.*, 360 F. Supp. 929, 931 (S.D. W.Va. 1973),[5] held that where the applicable state law allowed interest on an unsatisfied judgment from the date of judgment, such interest was not "interest" within the statute establishing the jurisdictional amount "exclusive of interest and costs" in diversity cases, but such interest was a liability imposed by law and was part of the total liability on which the action was based. Therefore, the court held that this interest could be included in determining whether the jurisdictional amount existed. *See Snider*, 360 F. Supp. at

---

[5]In *Snider*, the plaintiff sought recovery from two defendant insurance carriers under provisions of their respective automobile liability insurance policies, when the plaintiff's decedent was killed in an automobile accident involving an uninsured motorist. Plaintiff recovered a $30,000 judgment against the uninsured motorist, which became final, but remained unsatisfied. Plaintiff then sued on the judgment.

931. Another example of interest as an instrumentality is when the interest itself is the basis of a suit. *See Nolan*, 666 F. Supp. at 798-99 (citing 14A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3712) (1985). Where the judgment in one action includes interest, the amount in controversy in a suit on the judgment is measured by the amount of that first judgment, including interest. *See Brown*, 156 U.S. at 330; *Snider*, 360 F. Supp. at 931.

All of this being said, it appears that if the applicable statute allows for interest as part of the damages calculation, then it may be included in calculating the jurisdictional amount. However, here, I find that the applicable statute does not allow for interest as part of the damages for an action for the price. Since this court's jurisdiction is based upon diversity, it must apply the substantive law of the forum state, including the forum state's choice of law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.,* 313 U.S. 487, 496-97 (1941); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see also Ferens v. John Deere Co.*, 494 U.S. 516, 519, 531 (1990); *Nguyen v. CNA Corp.,* 44 F.3d 234, 237 (4th Cir. 1995); *Merlo v. United Way of Am.*, 43 F.3d 96, 102 (4th Cir. 1994). This court sits in Virginia. The Uniform Commercial Code, ("U.C.C."), as adopted by Virginia, applies to the agreement between Merial and Rasnic because it involved the sale of veterinary medical products, which are commercial goods. In particular, VA. CODE ANN. § 8.2-709, for an "action for the price," states that "[w]hen the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under . . . § 8.2-210 . . ., the price . . . of goods accepted." According to VA. CODE ANN. § 8.2-210:

> Incidental damages to an aggrieved seller includes any commercially reasonable charges, expenses or commissions incurred in stopping

delivery, in the transportation, care and custody of goods after the buyer's breach, in connection with return or resale of the goods or otherwise resulting from the breach.

Reading these two statutes together, I find that interest is not included as an "incidental damage" which the seller can recover under Virginia's U.C.C. Thus, I find that there is no statutory basis for allowing the inclusion of interest in the calculation of the jurisdictional amount. That being the case, the court next must determine whether any other basis exists to find that the interest sought is part of the total liability on which Merial's action is based, at least for purposes of this Motion. For the following reasons, I find that there is.

Merial alleges that the interest owed by Rasnic on the principal debt became part of their agreement by way of VA. CODE ANN. § 8.2-207. Specifically, Merial contends that the 12 percent annual interest rate became a term and condition of the agreement between it and Rasnic because it was printed on the invoices for the products purchased by Rasnic and which were sent to him and accepted by him. Rasnic, in his Motion, cites a case from the Eastern District of Virginia for the simple proposition that an invoice cannot operate as an acceptance under the U.C.C. of terms and conditions included on the invoice. However, the case cited by Rasnic, *P&J Arcomet, LLC v. Perini Corp.*, 2007 WL 3470241 (E.D. Va. Nov. 14, 2007), does not stand simply for the proposition that an invoice cannot operate as an acceptance under the U.C.C. of terms and conditions included on the invoice, as Rasnic argues. Instead, that court conducted a thorough analysis of the dealings between the particular parties in that case before reaching the conclusion that no contract existed between the parties. *See P&J Arcomet, LLC*, 2007 WL 3470241, at *11. Moreover, I can locate no case law that stands for such a straightforward proposition. Instead, to determine whether the terms and conditions on the invoices became part of the parties'

agreement under V<small>A</small>. C<small>ODE</small> A<small>NN</small>. § 8.2-207, the court must look to the conduct of the parties.

Merial has attached copies of certain invoices to its Complaint, showing the alleged principal debt owed by Rasnic. In particular, Merial has submitted three invoices, for three different orders by Rasnic, dated January 31, 2008, April 17, 2008, and April 23, 2008. On each invoice, it is stated underneath the "TOTAL DUE" in all capital letters as follows: "MERCHANDISE SHIPPED FOR ACCOUNT AND RISK OF BUYER AT SELLER'S SHIPPING POINT, *SUBJECT TO THE GENERAL TERMS AND CONDITION OF SALE PRINTED ON THE BACK HEREOF*. . . ." (Attachment 1 to Docket Item No. 1) (emphasis added). In its Brief, Merial states that the terms and conditions on the backs of these invoices included provisions for the defendant to be responsible for "all collections costs incurred to collect the unpaid balance and reasonable legal fees in the event Merial Limited is forced to place the account for collections with an outside agency." In its Brief, Merial further states that the terms and conditions also included a finance charge of 1 percent monthly. However, Merial has not provided copies of the back of these invoices. In any event, I find that the court need not make a finding as to whether or not the printed terms and conditions included on the back of the invoices sent to Rasnic with the shipments of products from Merial which Rasnic accepted did, in fact, incorporate such terms and conditions into the agreement between them. Instead, what I must determine is whether, to a legal certainty, it appears that Merial's claim for relief is for less than the statutorily prescribed jurisdictional amount. *See Gibbs*, 307 U.S. 66; *McNutt*, 298 U.S. at 189.

Generally speaking, the judicially established legal certainty test makes it very

difficult for the defendant to secure a dismissal of a case on the ground that it does not appear to satisfy the statutory jurisdictional amount required. *See Work v. U.S. Trade, Inc.*, 747 F. Supp. 1184, 1188 (E.D. Va. 1990). The test of legal certainty that the plaintiff's claim cannot meet the minimum amount in controversy necessary to establish jurisdiction in federal court is whether, viewed from the date the complaint was filed, the plaintiff reasonably could expect to recover the sum sought. *See Work*, 747 F. Supp. at 1188. Even when the complaint discloses a valid defense to the plaintiff's action, the sum claimed by the plaintiff controls. *See Work*, 747 F. Supp. at 1186 (citing *Smithers v. Smith*, 204 U.S. 632 (1907)). Thus, the legal certainty test sets a high threshold that is not often met. "[T]he legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1017 (4th Cir. 1981) (quoting *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957)); *see also* 14AA CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3712. In *Work*, the district court stated that "[t]his makes dismissal on jurisdictional amount grounds rare despite the fact that a majority of courts appear to place the burden of demonstrating jurisdiction on the party seeking to invoke it." 747 F. Supp. at 1188 (citation omitted). Simply put, in the context of determining jurisdiction, what matters is whether, viewed from the date the complaint was filed, a plaintiff reasonably could expect to recover the sum sought. *See Work*, 747 F. Supp. at 1188.

In *Smithers*, 204 U.S. at 642, the Supreme Court held that the plaintiff's allegations of value govern in determining jurisdiction "except where, upon the face of his own pleadings, it is not legally possible for him to recover the jurisdictional amount." Nothing on the face of Merial's Complaint or in the circumstances existing

at the time of the filing of the Complaint compels the conclusion to a legal certainty that Merial could not recover interest on Rasnic's principal debt, given its contention that such interest was contracted for by the parties, transforming it from interest as such into part of the actual claim. Furthermore, "[a defendant] cannot create a legal certainty by speculating as to how the [c]ourt might exercise its discretion. Legal certainty is a higher standard." *Work*, 747 F. Supp. at 1188 (citing *Wiggins*, 644 F.2d at 1014). It appears that only three situations clearly meet the legal certainty standard for purposes of defeating the court's subject matter jurisdiction: (1) where the terms of a contract limit the plaintiff's possible recovery;[6] (2) when a specific rule of substantive law or measure of damages limits the amount of money recoverable by the plaintiff;[7] and (3) when independent facts show that the amount of damages was claimed by the plaintiff merely to obtain federal court jurisdiction.[8] It does not appear to the court that any of these three situations exists here.

Courts have held that the question of legal certainty is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997). The court should not consider in its jurisdictional inquiry the legal sufficiency of those claims or whether the legal theory advanced by the plaintiff is probably unsound. *See Suber*, 104 F.3d at 583. It

---

[6]*See Valhal Corp. v. Sullivan Assocs., Inc.*, 44 F.3d 195 (3rd Cir. 1995) (contract limiting architectural firm's liability to $50,000 deprived federal court of subject matter jurisdiction).

[7]*See Vance v. W.A. Vandercook Co.*, 170 U.S. 468 (1898) (when, from the nature of the case as stated in the plaintiff's pleading, there would not legally be a judgment for an amount necessary to the jurisdiction of a United States court, jurisdiction cannot attach although the damages are claimed at a large sum).

[8]*See Zahn v. Int'l Paper Co.* 469 F.2d 1033 n.1 (2d Cir. 1972) (citing *Schroeder v. Nationwide Mut. Ins. Co.*, 242 F. Supp. 787, 789 (S.D.N.Y. 1965)) (trial court is not compelled to accept a claim of punitive damages, however unwarranted, made for the purpose of conferring federal jurisdiction).

is not uncommon for the amount in controversy issue to be tied closely to the underlying merits of the plaintiff's substantive claim for relief. However, courts have been reluctant to insist on a presentation of evidence on the subject matter jurisdiction question on a motion to dismiss under Rule 12(b)(1) for lack of jurisdiction when the question is interwoven with the merits, as it appears to be here. This attitude was designed to avoid a ruling at a preliminary point in the litigation involving a determination as to the merits of the action, a subject best left for resolution at trial. Here, as stated above, the copies of the invoices provided by Merial do not contain the actual language of the terms and conditions of sale alluded to on the front of the invoices. In order to make a determination on whether the annual interest of 12 percent and/or attorneys' fees were included in these terms and conditions of sale, the court clearly would need further evidence. Rasnic denies that such terms and conditions were ever discussed with him. Therefore, it also could be important to ascertain whether Rasnic signed any of these invoices or any other document containing these additional terms and conditions of sale in determining whether they became part of the agreement between the parties pursuant to § 8.2-207. Given the courts' reluctance to scrutinize a plaintiff's claims more than minimally in determining whether the requisite jurisdictional amount has been satisfied, this is not something that this court will entertain at this time. I find that it is sufficient that Merial has argued that the additional terms and conditions, including the 12 percent annual interest, were included on the invoices and became part of the agreement between it and Rasnic. Even though the specific language is not provided to the court, for purposes of the Motion, I find it sufficient that Merial alleges that these were so included and that Rasnic has not disputed that they were contained on the invoices. I find that under the legal certainty test set forth in *St. Paul Mercury*, Merial has shown that it does not appear to a legal certainty that its claim for relief is for less than

the statutorily prescribed jurisdictional amount. I find that Merial reasonably could believe that it will recover the interest it seeks as part of the total liability claimed against Rasnic based on its argument that such interest was transformed from interest as such by way of § 8.2-207. That being said, I find that Merial has met the requisite jurisdictional amount for this court to exercise subject matter jurisdiction over its claim against Rasnic, and I will deny Rasnic's 12(b)(1) Motion. However, even if Merial could not meet the jurisdictional amount by use of the interest it seeks, I further find, for the reasons stated below, that the attorneys' fees sought by Merial may be included in calculating the jurisdictional amount and provide an independent basis for finding that this court has subject matter jurisdiction over Merial's claim against Rasnic.

In so reaching this decision, I note that findings as to jurisdictional fact questions by the court do not equate to the adjudication of the merits of the action, and a jury is not bound in any way if and when it is called upon to award damages by a court's earlier determination that the amount in controversy appears to be in excess of $75,000. Leaving the determination of jurisdictional fact issues to the judge avoids the increased burdens of expense and time that would be entailed in trying these fact questions – which typically are raised and determined long before trial – before a jury.

## 2.    *Attorneys' Fees*

In general, as with interest, attorneys' fees cannot be included in the amount in controversy. If this were the case, the inclusion of attorneys' fees would hinge federal jurisdiction on fee schedules rather than on the weight of the substantive issues before the court.  However, there are two exceptions to this general prohibition of including attorneys' fees in determining the amount in controversy.  In particular, attorneys' fees

may be included in the jurisdictional amount where they are: (1) authorized by statute; or (2) provided for as an item of damages recoverable under a contract. *See* 14AA CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3712; *see also Springstead v. Crawfordsville State Bank*, 231U.S. 541 (1913) (holding that attorneys' fees are part of the matter in controversy when they are provided for by contract); *Jones v. Dacosta*, 930 F. Supp. 223 (D. Md. 1996) (holding that the jurisdictional amount was not satisfied where no statute or contractual basis existed that would have allowed the individual to recover attorneys' fees arising out of a claim). In *Cradle v. Monumental Life Ins. Co.*, 354 F. Supp. 2d 632, 636 (E.D. Va. 2005), the district court for the Eastern District of Virginia held that if a statute makes attorneys' fees into a substantive right to which litigants are entitled, they may be considered in calculating the amount in controversy for diversity jurisdiction purposes. However, where there is no legal authority for collection of an attorneys' fee, the fee cannot be included in the jurisdictional amount. *See Jacobs v. Tawes*, 250 F.2d 611, 613 (4th Cir. 1957). If attorneys' fees are allowed in the jurisdictional amount calculation, however, they must be reasonable. *See Sarnoff*, 798 F.2d at 1078.

As noted above, VA. CODE ANN. § 8.2-210 allows for incidental damages in an action for the price. According to this section, "[i]ncidental damages to an aggrieved seller include any commercially reasonable charges, expenses or commissions incurred in stopping delivery, in the transportation, care and custody of goods after the buyer's breach, in connection with return or resale of the good or otherwise resulting from the breach." Given this language, I find that Merial is not statutorily entitled to attorneys' fees. That being said, I now must determine whether Merial has sufficiently shown, for purposes of this Motion, the parties contracted for the payment

of attorneys' fees.

Merial advances the same argument with respect to attorneys' fees as it does with respect to interest. Specifically, Merial argues that Rasnic agreed to pay attorneys' fees as provided on the invoices sent to Rasnic and, therefore, pursuant to VA. CODE ANN. § 8.2-207, such fees became a term and condition of their agreement. If such attorneys' fees did, in fact, become part of the terms and conditions of the agreement, then they may be included in the calculation of the amount in controversy for jurisdictional purposes because they were contracted for. However, as with the issue of interest allegedly owed, I find that such a determination as to this jurisdictional fact issue is so interwoven with the merits of Merial's claim, that this court will not determine whether the attorneys' fees did, in fact, become a term and condition of the agreement between Rasnic and Merial pursuant to § 8.2-207. In any event, I find that Merial has shown that it does not appear to a legal certainty that its claim for relief is for less than the statutorily prescribed jurisdictional amount. I find that Merial reasonably could believe that it will recover the attorneys' fees it seeks based on its argument that such attorneys' fees became part of the agreement between it and Rasnic by way of § 8.2-207. For these reasons, I find that attorneys' fees in the sum of $2,500.00[9] sought by Merial may be included in the calculation of the amount in controversy for diversity jurisdiction purposes. Therefore, I further find that Merial has met the amount in controversy requirement for diversity jurisdiction based on its claim for attorneys' fees for purposes of Rasnic's 12(b)(1) Motion, and I will deny the Motion for this reason.

---

[9]There is nothing before the court to suggest that an attorneys' fee in the amount of $2,500.00, at the time Merial's Complaint was filed, is unreasonable.

*III.  Conclusion*

For the reasons stated herein, Rasnic's 12(b)(1) Motion is hereby denied, and I find that this court has jurisdiction over Merial's claim pursuant to 28 U.S.C. § 1332(a)(1).

The Clerk shall certify a copy of this Memorandum Opinion to all counsel of record.

ENTER: September 15, 2010.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE